UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DOC EUGENE WARREN                                             CIVIL ACTION

VERSUS                                                        NUMBER: 16-12240

MARLIN N. GUSMAN – SHERIFF                                    SECTION: "J"(5)
ORLEANS PARISH; ET AL.

**REPORT AND RECOMMENDATION**

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* ("IFP") by *pro se* Plaintiff, Doc Eugene Warren, against Defendants, Marlin N. Gusman, Sheriff of Orleans Parish; Sheriff Turner of Fulton County, Georgia; and, Major Singleton of the Fulton County Sheriff's Department. (Rec. docs. 1, pp. 1, 4; 3).

Plaintiff is an inmate of the Orleans Justice Center ("OJC") in New Orleans, Louisiana, awaiting trial on a charge of first degree robbery, having recently been transferred there from a correctional facility in Georgia. Prior to that transfer, Plaintiff states that on April 19, 2016, he appeared in the Fulton County Superior Court and was offered the opportunity to waive formal extradition proceedings on the condition that Louisiana officials take custody of him by May 10, 2016. Upon Plaintiff so stipulating but the subsequent passing of the latter date without an appearance by Louisiana officials, Plaintiff indicates that he requested his release from the Fulton County Jail ("FJC"), to no avail. Thereafter, on May 12, 2016, personnel from Prisoner Transportation Services, LLC took custody of him and transported him to OJC where he remains to date. For his alleged untimely and improper extradition from FJC to OJC, Plaintiff seeks compensatory and punitive damages, injunctive relief in the form of his release, and the expungement of the charges pending against him. (Rec. doc. 1).

Plaintiff has instituted this suit IFP pursuant to 28 U.S.C. §1915. A proceeding brought IFP may be dismissed as frivolous under §1915(e)(2)(B)(i) if the claim alleged therein has no arguable basis in law or fact, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993), or if it fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2)(B)(ii); *see also* 28 U.S.C. §1915A(b), 42 U.S.C. §1997e(c). Giving the instant complaint a liberal reading, it is the recommendation of the undersigned Magistrate Judge that this matter be dismissed as frivolous and for failing to state a claim upon which relief can be granted.

"'Although there is a federal right to challenge extradition, and denial of that right can be the basis of a claim under 42 U.S.C. §1983, challenges to extradition must be made by petition for a writ of habeas corpus where the permissible scope of the challenge is very narrow.'" *Sanders v. Dallas Sheriff's Dept.*, No. 14-CV-2039, 2015 WL 539431 at *4 (N.D. Tex. Feb. 6, 2015)(quoting *Good v. Allain*, 823 F.2d 64, 67 (5th Cir. 1987)).[1] "Any Section 1983 challenge is, moreover, subject to *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), under which a Section 1983 suit for damages 'must be dismissed when the plaintiff is attacking the validity of his confinement and has not shown that the judgment against him has been overturned.'" *Id.* (quoting *Rose v. Texas Bd. of Pardons & Paroles*, No. 06-CV-0050, 2008 WL 2697340 at *1 (S.D. Tex. July 2, 2008)); *see also Knowlin v. Thompson*, 207 F.3d 907, 909 (7th Cir. 2000)(§1983 challenge to extradition procedures barred by *Heck*

---

[1] Of course, where the exclusive initial remedy is for *habeas corpus* relief, exhaustion of state court remedies is first required, a requirement that applies with equal force to both pre-trial and post-conviction *habeas* proceedings. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973); *Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352 (1987). The exhaustion requirement is satisfied only where a prisoner's grounds for federal *habeas corpus* relief were previously presented to the state's highest court in a procedurally proper fashion. *Knox v. Butler*, 884 F.2d 849, 852 n. 7 (5th Cir. 1989), *cert. denied*, 494 U.S. 1088, 110 S.Ct. 1828 (1990); *Dupuy v. Butler*, 827 F.2d 699, 702 (5th Cir. 1988). As Plaintiff makes no showing of having presented his allegations regarding a defect in his extradition proceedings to the Louisiana Supreme Court for its consideration, it would be inappropriate to construe this matter as a *habeas corpus* proceeding.

where a plaintiff fails to prove that his detention has been invalidated); *Logan v. Texas*, No. 11-CV-0998, 2011 WL 2881560 at *2 (N.D. Tex. June 29, 2011), *adopted*, 2011 WL 2883324 (N.D. Tex. July 15, 2011)(§1983 claim for unlawful extradition does not accrue until plaintiff's confinement is declared invalid by a state or federal court). Because Plaintiff makes no showing that his extradition and resulting confinement have been declared invalid by an appropriate tribunal authorized to make such a determination, no §1983 cause of action with respect to his allegations has accrued and this matter should be dismissed with prejudice until the *Heck* conditions are met. *Logan*, 2011 WL 2881560 at *2 (citing *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)).

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's complaint be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2/]

---

[2/] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

New Orleans, Louisiana, this  20th  day of             July                 , 2016.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE